## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**United States of America,**

    **v.**

                                         **Case No. 2:19–cr–156**

**Joseph Bragg,**                               **Judge Michael H. Watson**

    **Defendant.**

## ORDER

Defendant moves to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1).  ECF No. 49.

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release after one year if "such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1). Section 3583(e) directs the Court to consider certain Section 3553 factors in making its decision.[1]  For the following reasons, Defendant's motion is **GRANTED**.

---

[1] The factors that must be considered are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and the sentencing range established in the guidelines; (6) any pertinent policy statement issued by the Sentencing Commission; and (7) the need to avoid unwarranted sentence disparities; and (8) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Defendant pleaded guilty to one count of transmitting a threat in interstate commerce and one count of influencing a federal official by threat.  *See* Plea Agreement, ECF No. 31.  On June 29, 2020, he was sentenced to a total of time served and three years' supervised release.  ECF No. 46.  Additionally, Defendant was ordered, *inter alia*, not to commit another federal or state offense; not to possess or use a controlled substance; to participate in a program of substance abuse testing, counseling, and treatment; to participate in a program of mental health assessment, counseling, and treatment; and to have no contact with the victims of the offense.  *Id.*  Defendant has served approximately twenty-seven months of his thirty-six-month term of supervision.  Mot. 1, ECF No. 49.

Defendant argues that his term of supervised release should be terminated because he has maintained steady employment, was successfully discharged from mental health services in October 2021, and has consistently checked in with his probation officer and has no outstanding probation obligations.  *Id.* at 2.

As he recognizes, Defendant has had a few minor incidents while on supervised release.  *See id*; *see also* ECF No. 48.  Specifically, Defendant was arrested and participated in mental health services following an incident at a bar and an arrest for OVI in 2020 and had one positive marijuana drug screen in 2022.  *Id.*  Despite these incidents, the Government and his probation officer do not object to Defendant's request for early termination.  Mot. 1, ECF No. 49.

Based on the above, and in consideration of the 18 U.S.C. § 3553(a) factors, the Court finds that terminating Defendant's term of supervised release is

in the interest of justice and **GRANTS** Defendant's motion. Defendant's term of supervised release is hereby terminated as of the date of this Order.

The Clerk is **DIRECTED** to terminate ECF No. 49.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**